**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

REGINA M. MEURER,

       Plaintiff,

v.                                                                                            Case No.: 12-cv-12506

                                                                                 Sean F. Cox

COMMISSIONER OF SOCIAL SECURITY,                   District Court Judge

       Defendant.                                                              R. Steven Whalen
                                                                                  Magistrate Judge
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

      Before the Court is Plaintiff Regina M. Meurer's ("Meurer") Objection to Magistrate Judge R. Steven Whalen's Report and Recommendation, in this social security disability benefits case. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, the Court shall **ACCEPT** and **ADOPT** Magistrate Judge Whalen's Report and Recommendation [Docket Entry No. 16].

### BACKGROUND[1]

      On April 8, 2011, Meurer filed an application for disability benefits and an application for supplemental social security income, alleging disability beginning on April 1, 2010. (Docket Entry No. 7-2, at 12.) Her claims were initially denied by the Commissioner on July 28, 2011. (*Id.*)

---

[1]The Court refers the reader to the statement of facts in the Report and Recommendation for a more complete statement of the facts and procedural history of this action.

Meurer filed a written request for a hearing on August 14, 2011. (*Id.*) Meurer and a vocational expert testified at the hearing, which was held in Flint, Michigan, before Administrative Law Judge Kevin W. Fallis ("ALJ Fallis"). (*Id.*) Meurer was represented by attorney Clifford Walkon at that time. (*Id.*) ALJ Fallis thereafter issued an opinion denying Meurer's request for benefits on or around February 13, 2012. (*Id.* at 12–23.) The Appeals Council denied her request for review. (*Id.* at 2.)

On June 8, 2012, Meurer filed a Complaint, requesting that this Court review the decision of the Commission denying her application for Social Security Disability and Supplemental Security Income disability benefits. (Docket Entry No. 1.) The parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Whalen for a report and recommendation. (Docket Entry Nos. 2, 9, 14.) On May 30, 2013, Magistrate Judge Whalen filed his Report and Recommendation, recommending that this Court **DENY** Plaintiff Meurer's Motion for Summary Judgment and **GRANT** the Commissioner's Motion for Summary Judgment. (Docket Entry No. 16, at 1, 23.) Meurer filed her Objection to Magistrate Judge's Report and Recommendation on June 11, 2013. (Docket Entry No. 17.)

## STANDARD OF REVIEW

This Court has original jurisdiction to review the Commissioner's final administrative decision. 42 U.S.C. § 405(g). Judicial review is limited to affirming the Commissioner's conclusions unless the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*,

375 F.3d 387, 390 (6th Cir. 2004). A reviewing court must consider the evidence in the record as a whole. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir.1994). Bubel must first establish the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months and that his impairments rendered him unable to engage in any substantial gainful employment. *Carpenter v. Comm'r of Soc. Sec.*, No. 08-10279, 2008 WL 4793424, at * 3–4 (E.D. Mich. 2008) (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), 20 C.F.R. § 416.905(a)). The regulations provide a five step test for claims of disability:

> First, plaintiff must demonstrate that [he or] she is not currently engaged in 'substantial gainful activity' at the time [he or] she seeks disability benefits. Second, plaintiff must show that [he or] she suffers from a 'severe impairment' in order to warrant a finding of disability. A 'severe impairment' is one which 'significantly limits ... physical or mental ability to do basic work activities.' Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent [him or] her from doing [his or] her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent [him or] her from doing [his or] her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1520, 416.920); *see also Carpenter v. Comm'r of Soc. Sec.*, No. 08-10279, 2008 WL 4793424, * 3–4 (E.D. Mich. 2008) (citing 20 C.F.R. §§ 404.1520, 416.920).

"If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## ANALYSIS

In her Objection to the Report and Recommendation, Meurer contends that (1) her credibility was incorrectly assessed by ALJ Fallis; (2) ALJ Fallis erred when he posed the hypothetical question to the vocational expert; (3) ALJ Fallis failed to give proper deference to the opinions of her treating physician(s); and (4) ALJ Fallis had a duty to develop the record. (Docket Entry No. 17, at 2–11.)

**A.      Credibility Assessment.**

Meurer contends that ALJ Fallis incorrectly assessed her credibility pursuant to Social Security Ruling 96–7p because (1) there was consistent treatment for her symptoms; (2) to discredit Meurer's mental health symptoms, there was an over-reliance in ALJ Fallis's opinion on whether or not Meurer was hospitalized for her depression and whether work-related stress acted as a trigger for her depression and/or other mental health symptoms; and (3) ALJ Fallis's opinion fails to acknowledge that fibromyalgia is not amenable to objective diagnosis. (Docket Entry No. 17, at 2–5.)

"To determine that a claimant has a severe impairment, the ALJ must find that an impairment or combination of impairments significantly limits the claimant's ability to do basic work activity." *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 243, fn 2 (6th Cir. 2007) (citing 20 C.F.R. § 416.920). The credibility determination, guided by SSR 96–7p, describes a two-step process for evaluating symptoms. *See Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir.1986); SSR 96–7p. "First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment . . . that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Walker v. Commissioner of Soc. Sec.*, No. 12-11175, 2013 WL 2393178, at * 10 (E.D. Mich. May 31, 2013) (internal quotations omitted).

Second, SSR 96–7p directs that "whenever a claimant's allegations regarding 'the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence,' [the ALJ must analyze the credibility of claimant's testimony] . . . "based on a consideration of the entire case record." *Love v. Commissioner of Soc. Sec.*, No. 12-12315, 2013 WL 3224347, at * 6 (E.D. Mich. June 25, 2013) (citing SSR 96–7p).

Assuming that all of Meurer's allegations are true, the result remains the same. Based on a review of the entire case record, the opinion properly addresses the first and second parts of the "significant impairment" test. ALJ Fallis provides a thorough analysis of his reasoning for rejecting Meurer's credibility. Accordingly, this Court holds that Meurer's allegations regarding the intensity, persistence, or functionally limiting effects of her pain and other symptoms are not substantiated by objective medical evidence and her testimony is not credible for the reasons mentioned in the opinion. Accordingly, her symptoms are not "severe impairments" within the meaning of SSR 96–7p.

**B.     The Hypothetical Question.**

Meurer asserts that the hypothetical question posed by ALJ Fallis to the vocational expert did not adequately convey her concentration/mental health limitations. (Docket Entry No. 17, at 5–7.)

The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987) (citation omitted). This

"substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).. While the Sixth Circuit has rejected the proposition that all afflictions must be spelled out, "[t]he hypothetical question . . . should include an accurate portrayal of [a claimant's] individual physical and mental impairments." *Webb v. Commissioner of Social Sec.*, 368 F.3d 629, 632 (6th Cir. 2004). If the hypothetical question is deficient, the administrative law judge cannot rely upon the vocational expert's testimony to prove the existence of a substantial number of jobs that a plaintiff can perform in the national economy. *Edwards v. Barnhart*, 383 F. Supp.2d 920, 927 (E.D. Mich. Aug. 5, 2005).

The Court can find no error with Magistrate Judge Whalen's conclusion that Meurer's mental limitation was included in the hypothetical posed to the vocational expert by reference. (Docket Entry No. 16, at 17.) Regardless, even if ALJ Fallis erred in his step-five determination, he did not err in his step-two credibility determination as discussed in the previous section. Accordingly, the result remains the same.

**C.     Deference to Treating Physician(s).**

Meurer contends that ALJ Fallis failed to give proper deference to the opinions of her treating physician(s). (Docket Entry No. 17, at 7–10.)

Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must

be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Anderson v. Commissioner of Soc. Sec.*, No. 12-13066, 2013 WL 3285220, at 13 (E.D. Mich. June 28, 2013).

This Court holds that Magistrate Judge Whalen correctly states, as follows: "Regarding the weight afforded Dr. Shah's opinion, Plaintiff appears to be misreading the ALJ's opinion. The ALJ was discussing the treating notes of Joan Brazelton, L.M.S.W., not Dr. Shah when he wrote 'this is not an acceptable source.'" (Docket Entry No. 16, at 18.) A licensed social worker's opinions are not entitled to controlling weight and the deference afforded a treating physician or other "acceptable medical sources." SSR 06-03p (identifying licensed clinical social workers as an "other source," not an "acceptable medical source"). Meurer provides no argument that contradicts Magistrate Judge Whalen's findings. Accordingly, Meurer's arguments with regard to Dr. Shah lacks merit.

With regard to her contention that ALJ Fallis did not consider the opinion of Dr. Pathak, the decision to discount Dr. Pathak's opinion is well-supported in the record and ALJ's Fallis's opinion. The Report and Recommendation clearly states that ALJ Fallis did not give Dr. Pathak's opinions controlling weight because (1) the treating relationship was very short, (2) Dr. Pathak bases many of his conclusions on Meurer's subjective complaints, and (3) Dr. Pathak's opinions are conclusory and contradictory. Based on a thorough review of the opinion, the Court agrees with Magistrate Judge Whalen's recommendation.

**D.     Duty to Develop the Record.**

Meurer alleges that ALJ Fallis had a duty to develop the case record and consider her

7

previous disability case. (Docket Entry No. 17, at 10–11.) However, this Court agrees with Magistrate Judge Whalen's recommendation that Meurer's attorney, not ALJ Fallis, had a duty to develop the case record. *See Smith v. Commissioner of Soc. Sec.*, 2012 WL 1071805, 473 F. App'x 443, at *1 (6th Cir. 2007) ("The ALJ is required to develop an adequate record and he has a special duty to develop the record when the claimant is proceeding without representation. However, this special duty does not apply here, as [the claimant] . . . was represented by counsel at his administrative hearing."). As Magistrate Judge Whalen points out, ALJ Fallis specifically asked Meurer's attorney whether the case record was complete, and even gave Fallis 30 days to provide additional documents. Because Meurer's attorney failed to present these documents or any objections to so inform ALJ Fallis that the record needed further development, this Court holds that ALJ Fallis did not commit reversible error by failing to consider Meurer's previous disability case.

Regardless, based on the facts and arguments presented in Meurer's Objection, this Court holds that Meurer has not sufficiently alleged, or presented evidence in support thereof, that she was in anyway prejudiced by ALJ Fallis's failure to consider her previous disability case.

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **ADOPTS** and **ACCEPTS** Magistrate Judge Whalen's Report and Recommendation [Docket Entry No. 16].

**IT IS SO ORDERED**.

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: July 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2013, by electronic and/or ordinary mail.

    S/Jennifer McCoy
    Case Manager